IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



**EDDIE CAMPBELL,**

            **Plaintiff,**

v.                                    Civil Action No. 2:12cv567-HCM-LRL

**HAMPTON ROADS BANKSHARES, INC., et al.,**

            **Defendants.**

**OPINION AND ORDER**

    This matter is before the Court on Plaintiff's Motion to Remand. Doc. 5. On February 5, 2013, the Court convened a hearing and ruled from the bench. The Court **GRANTED** Plaintiff's Motion and now issues this Opinion and Order setting forth the reasons for its ruling in further detail.

### I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    Eddie Campbell ("Plaintiff"), a North Carolina citizen and banking executive, filed a complaint against his former employers, Hampton Roads Bankshares, Inc. and Bank of Hampton Roads, doing business as Gateway Bank & Trust Co., (collectively, "Defendants"), Virginia citizens, in the Circuit Court for the City of Norfolk, Virginia, on July 23, 2012.[1] Doc. 6. The complaint alleges that Defendants breached their contract with Plaintiff by failing to pay severance payments owed to him upon the termination of his employment with Defendants. Doc. 1-1. Defendants state that the payment is not owed because, among other things, the Bank was designated by federal regulators as a "troubled" financial institution, which makes certain severance payments, allegedly including those which Plaintiff claims are owed him,

---

[1] Though this specific case was filed on July 23, 2012, the underlying facts giving rise to the suit had been previously litigated in the Norfolk Circuit Court from January 2011 till it was nonsuited by Plaintiff in January 2012. The nonsuit was taken pursuant to Va. Code. Ann. § 8.01-380.

impermissible as prohibited "golden parachute" payments. Doc. 4; see Golden Parachute and Indemnification Payments, 12 C.F.R. § 359.0, et seq. From the filing of Plaintiff's complaint in state court until the Defendants filed their notice of removal on October 17, 2012, Defendants had not been served by Plaintiff. Doc. 1; see also Doc 6 at 2. Plaintiff moved to remand on November 9, 2012. Docs. 5, 6. Defendant responded in opposition on November 16, 2012. Doc. 7. And Plaintiff replied on November 20, 2012. Doc. 8. Defendants requested a hearing, doc. 9, and one was held on February 5, 2013.

## II. DISCUSSION

Section 1441 of Title 28, United States Code, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(a). A defendant may remove a state court action to federal court only if it originally could have been filed by the Plaintiff in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). When analyzing a motion to remand, significant federalism concerns require the court to construe the removal statute strictly against removal. Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 784 (E.D. Va. 2007). The burden of establishing federal jurisdiction is thus placed upon the party seeking removal. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). If federal jurisdiction is doubtful, a remand is necessary. Mulcahey, 29 F.3d at 151. Here, Defendants assert two basis for federal jurisdiction: federal question jurisdiction, under 18 U.S.C. § 1331, and diversity jurisdiction, under 18 U.S.C. § 1332; these basis for federal jurisdiction will be considered separately below, and if neither exists, the Court must remand this case.

## A. FEDERAL QUESTION JURISDICTION

### 1. Legal Standards

Federal district courts possess federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002). Under the well-pleaded complaint rule, "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Venezuela, 525 F. Supp. 2d at 784 (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112–13 (1936)). For a federal question to be present on the face of a well-pleaded complaint, either federal law must create the cause of action, or Plaintiff's right to relief must necessarily depend on the resolution of a substantial question of federal law. Id. at 784–85. As such, a plaintiff's complaint may present a federal question without specifically pleading a federal cause of action. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 311 (2005) (plaintiff claimed good title to land based on 26 U.S.C. § 6335(a)); Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 807 (4th Cir. 1996) (plaintiff claimed entitlement to "emissions allowances" based on 42 U.S.C. § 7651g(i), inter alia). Nevertheless, a defense, including "the pre-emptive effect of a federal statute[,] . . . will not provide a basis for removal," absent a statutory exception[2] or complete preemption. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6–8 (2003) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1 (1983), and later holding that the National Bank

---

[2] See El Paso Natural Gas Co. v. Neztsosie, 526 U.S. 473, 484–85 (1999) ("The [Price-Anderson] Act not only gives a district court original jurisdiction over [public liability actions arising from a nuclear accident], but provides for removal to a federal court as of right if a putative Price-Anderson action is brought in a state court") (citations omitted).

Act completely preempted state usury actions against national banks).³ Consequently, "the plaintiff is the master of his claim, and may avoid federal jurisdiction by relying exclusively on [un-preempted] state law." Venezuela, 525 F. Supp. 2d at 785 (citing Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.")).

## 2. Analysis

Here, Defendants do not argue the federal question jurisdiction exists based on either complete preemption or a statutory exception; rather they assert that Plaintiff's "state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" Doc. 7 at 6–8 (quoting Grable, 545 U.S. 308, 321 (2005) (Thomas, J., concurring)).⁴ Specifically, Defendants argue that Section 18(k) of the Federal Deposit Insurance Act, 18 U.S.C. § 1828(k), and its implementing regulations, 12 C.F.R. §§ 359.0–359.7 (collectively, "the golden parachute rules"), prohibit the payment that Plaintiff claims to be contractually owed, and that this substantial question of federal law is sufficient for federal question jurisdiction. Doc. 4 at 6.⁵

However, this is a misapplication of Grable, as Plaintiff's claim does not "necessarily raise a stated federal issue." Grable, 545 U.S. at 314. Indeed, in Grable, the plaintiff asserted that,

---

³ See also Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."); Avco Corp. v. Machinists, 390 U.S. 557, 559–60 (1968) (similar, but with the Labor Management Relations Act of 1947 and certain state causes of action over labor contracts).

⁴ The entirety of this quote is actually the rule announced by the majority. See Grable, 545 U.S. at 314. In the citation provided by Defendants, Justice Thomas is quoting the majority rule to criticize it. See id. at 320–22.

⁵ Defendants also assert that they did not breach the contract, and that certain portions of Plaintiff's contractual severance never came due because the condition precedent, a "change of control" did not occur. Doc. 4 at 6.

4

because a federal statute requiring notice of the seizure of property was not complied with, plaintiff should have good title to certain seized land. The essence of the difference is that, in Grable, the plaintiff's action was based on a federal statute, but, in contrast, here, Plaintiff's action is brought in spite of Defendants' assertion that federal law prohibits the payment. Plaintiff alleges a state-law claim for breach of an employment contract.[6] Defendants' argument—that they are prohibited by federal regulations from fulfilling their alleged obligations under the contract—is best seen as an assertion of the defense of legal impossibility. See Hill v. Commerce Bancorp, Inc., CIV.09-3685 (RBK/JS), 2010 WL 2539696 (D.N.J. June 17, 2010) (holding that, under New Jersey law, the defendants' argument that the golden parachute rules prevented payment on an employment contract was an impossibility defense for which defendants carried the burden); Hous. Auth. of City of Bristol v. E. Tennessee Light & Power Co., 183 Va. 64, 72, 31 S.E.2d 273, 276 (1944) (where a defendant can prove, in defense, that performance is "impossible[] due to domestic law," he "will be excused"). This fact pattern runs headlong into the well-established rule that a defense cannot serve as the basis for removal. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) ("it is [] settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue").

At the hearing on this motion, counsel for Defendant argued that Plaintiff would have the burden of proving either that the golden parachute prohibition did not apply or that he qualified

---

[6] The elements of a breach of contract action in Virginia are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Ulloa v. QSP, Inc., 271 Va. 72, 79, 624 S.E.2d 43, 48 (2006) (quoting Filak v. George, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004)).

5

for an exemption.[7] However, to require Plaintiff to prove a federal exception to a federal defense in order to succeed in a state law contract claim would be unprecedented. Indeed, "[t]o allege such defense and then make an answer to it before the defendant has the opportunity to itself plead or prove its own defense is inconsistent with any known rule of pleading, so far as we are aware, and is improper." Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 153 (1908) (holding that a plaintiff seeking to enforce a contract could not create federal question jurisdiction by alleging that a federal statute, which might invalidate the contract, was unconstitutional). Moreover, any other allocation of the burdens in this case would be contrary to Virginia law, and unsupported by federal law: to require a plaintiff to prove an exception to a federal defense in order to succeed in a state law breach of contract action would invert the burden allocation of a state law defense of an intervening federal illegality, and would obliterate the prohibition against creating federal jurisdiction with a defense. The Court declines to invent such a rule.

Accordingly, because Plaintiff's claim relies exclusively on state law, and there is no doctrine which would treat Defendants' federal defense as a ground for holding that Plaintiff's claims "arose under federal law," the Court **FINDS** that there is no federal question jurisdiction.

### B. DIVERSITY OF CITIZENSHIP JURISDICTION

#### 1. Legal Standards

This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 [] and is between [] citizens of different states." 28 U.S.C. § 1332(a)(1). However, "a civil action otherwise removable solely on the basis of the jurisdiction

---

[7] Defendants analogized this to 'Title VII burden shifting.' See, generally, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973) (giving plaintiff the burden to show a prima facie case of discrimination, defendant the burden to provide a legitimate reason for the action, and then plaintiff the burden of showing that the reason was a pretext). However, Defendants have failed to provide any persuasive reasoning, or authority, as to why this allocation of burdens should apply here. Indeed, a Title VII action is inapposite to the cause of action in this case, and such a structure of burden shifting would be contrary to applicable state law, as discussed supra.

under section 1332(a) [] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2)

## 2. Parties' Arguments

The sole point of contention among the parties is whether Defendants' having removed this case before service permits them to keep it in this Court, even though they are "citizen[s] of the State in which [the] action [was] brought."[8] Id. The parties are completely diverse for purposes of 28 U.S.C § 1332, but the state case was filed in a Virginia state court and Defendants admit that they are Virginia citizens.[9] Doc. 7 at 1, 2. Defendants, quoting the language of the statute, assert that the plain meaning of § 1441 (the "forum defendant rule") permits removal by unserved forum defendants. Docs. 6, 8; 28 U.S.C. § 1441(b)(2) (an action "may not be removed" if any "properly joined and served" defendant "is a citizen of the State in which such action is brought"). Plaintiff does not dispute that this argument comports with a literal reading of the forum defendant rule, but instead argues that the result—a forum defendant removing an otherwise unremovable action to federal court solely on account of having not yet been served— is so absurd that this Court should not apply the rule in such clear contradiction of its purpose.[10]

---

[8] Hereinafter, the term "forum defendants" will be used to refer to the meaning of this clause.

[9] Because there is complete diversity, there is no jurisdictional defect. A forum-defendant may create a ground for remand, but does not destroy diversity jurisdiction. See Vitatoe v. Mylan Pharm., Inc., No. 1:08cv85, 2008 WL 3540462, at *5 (N.D. W. Va. August 13, 2008); see also Councell v. Homer Laughlin China Co., 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011) ("Although the United States Court of Appeals for the Fourth Circuit has yet to rule on this question, ten circuit courts have had occasion to address it. Of the ten circuits that have spoken on the issue, nine have found that removal by a forum-defendant is a procedural defect, and thus waivable.") (cataloging cases).

[10] In briefing, Plaintiff asserted that Defendants were served by their discovery of the suit pursuant to Virginia's "curing statute," Va. Code Ann. § 8.01-288. Docs. 6 at 7–8, 8 at 4–5. However, counsel for Plaintiff spent no time on this argument during the hearing, and rightfully so. Virginia courts have made it abundantly clear that the operation of the statute requires that the defendant have received court issued process, notwithstanding Va. Code Ann. § 8.01-285 (which states that "the term 'process' shall be deemed to include notice"). See Muse Const. Group, Inc. v. Com. Bd. for Contractors, 61 Va. App. 125, 141–42, 733 S.E.2d 690, 697–98 (2012). There is no assertion that Defendant received court issued process, and so this statute is ineffective here.

This much is certain, if Defendant had been served, then this case could not remain in this Court pursuant to diversity jurisdiction.

The Court is tasked with interpreting the "properly joined and served" clause of the statute to reach the correct outcome in this case. This is not a new issue for federal courts,[11] but has not been addressed by this Court.[12] Decisions on this issue have split into two general jurisprudential groups: (1) those holding that a literal reading of the language of § 1441(b)(2) only prohibits removal if "any of the parties in interest properly joined and <u>served</u> as defendants is a citizen of the State in which such action is brought," and therefore do not remand if the forum defendant has not been served;[13] and (2) those holding that permitting removal because

---

[11] See Saurabh Vishnubhakat, Pre-Service Removal in the Forum Defendant's Arsenal, 47 GONZ. L. REV. 147, 148 (2012) (discussing the tactic of removal before service).

[12] It should be noted at the outset that there is little to no law above the district court level because: (1) orders remanding cases are generally not appealable, (2) the denial of a motion to remand is subject to the final judgment rule, and (3) most circuits do not treat violations of the rule as a jurisdictional defect. See 28 U.S.C. § 1447(d) (making remand orders not appealable); Estate of Bishop By & Through Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1274 (9th Cir. 1990) (holding that the denial of a motion to remand is subject to the final judgment rule) (citing 28 U.S.C. § 1291); supra note 8 (discussing whether the defect is jurisdictional or procedural).
  Additionally, because of this lack of unifying authority, not only are there splits among circuits, but there are splits within district courts. For instance, both E.D. Mo. and D.N.J. have internal splits. Compare infra note 13 with infra note 14; see also Vishnubhakat supra note 11 at 152–55.

[13] See, e.g., Clawson v. FedEx Ground Package Sys., Inc., 451 F. Supp. 2d 731, 736 (D. Md. 2006) (holding removal untimely because "[u]nder . . .the plain language of 28 U.S.C. § 1441(b), this action could have been removed . . . at any time after it was filed . . . so long as [the forum-defendant] was ... unserved"); Poznanovich v. AstraZeneca Pharmaceuticals LP, No. 11–4001 (JAP), 2011 WL 6180026, at *4 (D.N.J. Dec. 12, 2011) ("The Court finds that the language of the statute is plain, and, thus, adherence to the plain language is required."); Bivins v. Novartis Pharmaceuticals Corp., No. 09–1087 (RBK/KMW), 2009 WL 2496518, at *2 (D.N.J. Aug.10, 2009) (Kugler, J.) ("Here the statutory language is clear: removal is prohibited only where a defendant, who is a resident of the forum state, has been properly joined and served.") (internal quotations omitted); Terry v. J.D. Street and Co., Inc., No. 4:09CV01471 FRB, 2010 WL 3829201, at *5–6 (E.D.Mo. Sept. 23, 2010) ("[t]he text of § 1441(b), however, is clear, and this Court must apply the statute as it is written"); Taylor v. Cottrell, Inc., 4:09CV536 HEA, 2009 WL 1657427, at *1 (E.D. Mo. June 10, 2009) ("[t]he plain language of section 1441(b) precludes remand of this action"); Vitatoe v. Mylan Pharm., Inc., No. 1:08cv85, 2008 WL 3540462, at *6 (N.D. W. Va. August 13, 2008) ("Moreover, because § 1441(b)'s language is unambiguous, the Court must apply its plain meaning."); Ripley v. Eon Labs, Inc., 622 F.Supp.2d 137, 141–42 (D.N.J.2007) (Rodriguez, J.) ("The plain language of ... § 1441(b), despite the numerous policy arguments against it, permits removal of this case ... to this Court."); Yocham v. Novartis Pharmaceuticals Corp., No. 07-1810 (JBS), 2007 WL 2318493, at *3 (D.N.J. Aug.13, 2007) (Simandle, J.) (denying remand motion based upon "a plain reading of § 1441(b) and straightforward application of it"); Jaegar v. Schering Corp., No. 07-3465 (DMC), 2007 WL 3170125, at *2 (D.N.J. Oct.25, 2007) (Cavanaugh, J.) ("[T]here is no dispute that Defendants were not served at the time the removal was filed. Accordingly, there is no applicable limitation on Defendants' right to remove the matter to this Court."); Thomson v. Novartis Pharmaceuticals Corp.,

the forum defendant is unserved is contrary to the purpose of, and congressional intent behind, § 1441(b)(2), and therefore, will remand.[14] Both groups of jurisprudence are complicated by the fact that they are decided in the context of one of two basic fact patterns: (1) a removing party is an unserved forum defendant, or (2) the removing party is a non-forum defendant, but there are unserved forum co-defendants. The instant case falls within the first fact pattern.

Naturally, Defendants urge the court to align with the first group of jurisprudence and apply a literal reading of the statute,[15] and Plaintiff urges the Court to align with the second group and find removal under the instant facts contrary to the purpose of the rule.

---

No. 06-6280 (JBS), 2007 WL 1521138 (D.N.J. May 22, 2007) (Simandle, J.) (denying remand based upon a "plain reading of § 1441(b) and a straightforward application of it"); Frick v. Novartis Pharmaceuticals Corp., No. Civ. 05-5429(DRD), 2006 WL 454360, at *3 (D.N.J. Feb.23, 2006) (Debevoise, J.) ("[W]e find that the language of the statute is unambiguous [and] it is not readily apparent that applying the clear language of the statute to the present case would produce a result that is demonstrably at odds with the intentions of Congress.").

[14] See, e.g., Sullivan v. Novartis Pharmaceuticals Corp., 575 F. Supp. 2d 640, 643 (D.N.J. 2008) ("[T]he court will look past the plain meaning of § 1441(b) in order to avoid an absurd and bizarre result which Congress could not have intended."); Oxendine v. Merck, 236 F. Supp. 2d 517, 526 (D. Md. 2002) ("removability cannot rationally turn on the timing or sequence of service of process"); Perez v. Forest Laboratories, Inc., No. 4:12CV01064 ERW, 2012 WL 4811123, at *6 (E.D. Mo. Oct. 10, 2012) (stating that "strict adherence to statutory language would run counter to legislative intent instead of furthering it" while remanding); Perfect Output of Kansas City, LLC v. Ricoh Americas Corp., No.: 12–0189–CV–W–SOW, 2012 WL 2921852, at *6 (W.D. Mo. July 17, 2012) ("to allow a defendant to remove a case before a plaintiff even has a chance to serve him would provide a vehicle for defendants to manipulate the operation of the removal statutes") (quoting Vivas v. Boeing Co., 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007)); Walborn v. Szu, No. 08-6178 (DRD), 2009 WL 983854, at *5 (D.N.J. April 07, 2009) (finding that "a literal interpretation of the 'joined and served' language in the statute which would allow removal in cases [where the forum-defendant was not improperly joined] would "produce bizarre results that Congress could not have intended," and would indeed be "demonstrably at odds with the objectives Congress did intend to effect" in enacting 28 U.S.C. § 1441(b)"); Brown v. Organon USA Inc., No. Civ.A. 07-3092(HAA), 2008 WL 2625355, at *8 (D.N.J. June 27, 2008) ("[W]hen the removing party is a forum defendant a strict application of § 1441 would frustrate the policy underlying the statute and lead to a result at odds with the statute's purpose."); Fields v. Organon USA, Inc., No. 07-2922 (SRC), 2007 WL 4365312, at *4 (D.N.J. Dec.12, 2007) (acknowledging "that the plain language of § 1441(b) does appear to imply that a forum defendant may remove an action as long as it does so before being served" but finding that "such a bizarre result cannot possibly have been the intent of the legislature").

[15] Defendants also urge the court to infer from Congressional inaction in the face of a purported majority that Congress intends for the literal meaning to be applied. See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (amending § 1441 without touching the "properly joined and served" language). It is not so clear that there is a majority in favor of the literal meaning. See Perez v. Forest Laboratories, Inc., 4:12CV01064 ERW, 2012 WL 4811123, at *5 n.8 (E.D. Mo. Oct. 10, 2012) ("[I]t is not entirely clear what the majority interpretation is in light of the recent advent of electronic docketing. The emerging trend in response to the electronic docket seems to be in favor of disallowing pre-service removal."). Even if there was such a clear majority, this Court declines to make such an inference from Congressional inaction.

### 3. Interpretation of 28 U.S.C. § 1441(b)(2) and Analysis

The forum defendant rule reads:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). "[U]nless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language." Hillman v. I.R.S., 263 F.3d 338, 342 (4th Cir. 2001). Additionally, the Court must give meaning to every word of the statute, not reading any word out or treating it as surplusage. United States v. Pressley, 359 F.3d 347, 350 (4th Cir. 2004) ("[W]e would be violating a cardinal rule of statutory construction by reading the term "previous" out of the statute."). However, an exception may apply "when literal application of the statutory language at issue 'results in an outcome that can truly be characterized as absurd, i.e., that is so gross as to shock the general moral or common sense....'" Hillman, 263 F.3d at 342 (quoting Sigmon Coal Co. v. Apfel, 226 F.3d 291, 304 (4th Cir.2000)). If a literal interpretation of a statute produces an absurd result, the Court should interpret it to avoid that consequence. Green v. Bock Laundry Mach. Co., 490 U.S. 504, 527 (1989) (Scalia, J., concurring) (when confronted "with a statute which, if interpreted literally, produces an absurd . . . result . . . [the Court's] task is to give some alternative meaning that avoids this consequence."); see Perez v. Forest Laboratories, Inc., 4:12CV01064 ERW, 2012 WL 4811123, at *4 (E.D. Mo. Oct. 10, 2012) (citing Green, 490 U.S. at 527, and finding that pre-service removal by a defendant affiliated with an unserved forum defendant was absurd).

Here, the literal meanings of "serve" include: (1) "To make legal delivery of (a notice or process)" or (2) "To present (a person) with a notice or process as required by law." BLACK'S

10

LAW DICTIONARY 1491 (9th ed. 2009). Process is a "summons . . . to appear or respond in court." Id. at 1325. Accordingly, pertaining to a defendant and regarding the initiation of a lawsuit, the delivery of a summons to appear and respond in court is the literal, plain meaning of the term "served" in the "properly joined and served" language of § 1441(b)(2). See FED. R. CIV. P. 4(c). The question, then, is whether the result of the statute's plain meaning—permitting removal so long as forum-defendants remove before a plaintiff can serve them—is so absurd a disposition that no reasonable person could intend, that is "so gross as to shock the general [] common sense." Hillman, 263 F.3d at 342; see Green, 490 U.S. at 527.

The purpose of federal diversity jurisdiction is to avoid possible prejudice to an out-of-state defendant. Lumbermen's Mut. Cas. Co. v. Elbert, 348 U.S. 48, 54, 75 S.Ct. 151, 99 L.Ed. 59 (1954) (Frankfurter, J., concurring). This is not necessary when a defendant is a resident of the forum, and so removal is not permitted. See 28 U.S.C. § 1441(b)(2). However, § 1441(b)(2) is not given to plaintiffs as a tool to enable them to surreptitiously engineer away federal jurisdiction—any removal-defeating defendant must be "properly joined and served." Id. (emphasis added). Cf. Carter v. Hitachi Koki U.S.A., Ltd., 445 F. Supp. 2d 597, 599–600 (E.D. Va. 2006) (discussing fraudulent joinder in the similar context of a plaintiff trying to destroy complete diversity). Consequently, the very text of the statute teaches that its purpose is to permit actions between citizens of different states to be removed to federal court, but not if any defendant is a citizen of the forum—unless that forum defendant was not "properly joined and served." 28 U.S.C. § 1441(b)(2) (emphasis added). The word "properly" emphasizes that a defendant who is joined fraudulently—or not actually made party to the action by the delivery of a summons and a copy of the complaint, an "unserved forum defendant"—will not defeat removal by another defendant.

11

But what if the removing defendant and the unserved forum defendant are one in the same? The plain language of the statute would permit this; it does not distinguish removing defendants. See, generally, 28 U.S.C. § 1441(a)(2). However, permitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made party to the action—through delivery of summons and a copy of the complaint—is patently absurd. And here, we need go no further than that. Defendants are both forum defendants and permitting their removal of this case because of a technicality in a literal reading of § 1441(b)(2) would be absurd.

Therefore, the Court is tasked with giving the word "served" "some alternative meaning that avoids this consequence." Green, 490 U.S. at 527. And, as Defendants pointed out at the hearing, we must construe the statute to give meaning to every word, not reading any out as surplusage. Pressley, 359 F.3d at 350. Accordingly, this Court will read "served" to mean "actual notice and involvement in the case,"[16] which is the effect that service has on a party. A removing defendant has actual notice of the case, and has become involved by seeking removal. Practically, this reading of the statute will always make the citizenship of a removing defendant relevant to a determination of the propriety of removal, regardless of whether or not the removing defendant has been technically served—and thus prevent a forum-defendant from

---

[16] This is not a far departure from a literal meaning of "serve": "serve" can simply mean provided with notice; however this definition is more stringent by requiring, additionally, some kind of involvement similar to what would be required of a defendant upon the delivery of a summons. See BLACK'S LAW DICTIONARY 1491 (9th ed. 2009) (defining "serve" to mean: (1) "To make legal delivery of (a notice or process)" or (2) "To present (a person) with a notice or process as required by law." Id. (emphasis added)).

removing before service.[17] This approach sufficiently excises the absurdity, while still giving meaning to the term "served" in the statute.

Finally, applying this Court's reasoning to the instance case, because Defendants are citizens of the forum and have actively sought the removal of this action, their citizenship is relevant to the propriety of removal, despite their having not been served, and accordingly, the Court **FINDS** removal is improper since they are "citizen[s] of the State in which [this] action [was] brought." 28 U.S.C. § 1441(b)(2).

### IV. CONCLUSION

For the reasons explained above, Plaintiff's Motion to Remand, Doc. 5, is **GRANTED**. The Court **ORDERS** this case remanded to the Circuit Court for the City of Norfolk, Virginia.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
Date: February 19, 2013

---

[17] This reading of the statute presumably will also allow a non-forum defendant to remove a case, even though there are forum defendants, so long as the forum defendants have not become served or otherwise involved in the case. But whether this Court would actually hold that is for another day; such a case is not before the Court.